BLACKMAN v COOPER

Docket No. 77-4635. Submitted November 2, 1978, at Grand Rapids.—
Decided April 17, 1979.

Russell Blackman brought an action against Lyle Cooper, a
police officer of the Albion Police Department, for damages for
personal injuries allegedly suffered by the plaintiff in the police
station after his arrest for a traffic violation. The defendant's
motion for summary judgment was granted, Calhoun Circuit
Court, Paul Nicholich, J., based on governmental immunity.
The plaintiff appeals. *Held:*

1. Summary judgment in favor of defendant was proper as to
the plaintiff's claim that sought recovery on a theory of false
arrest or false imprisonment. A police officer has freedom from
tort liability when acting within the scope of his official duties.

2. The common-law freedom or immunity from tort liability
does not bar the plaintiff from bringing a suit based on a claim
that the defendant assaulted, battered and used excessive force
upon the plaintiff in the police station after the arrest. Sum-
mary judgment for defendant was improper on this claim.

Affirmed in part and reversed in part and remanded.

1. Torts — Governmental Immunity — Governmental Agencies
— Public Officials — Statutes.

The governmental immunity statute applies to all governmental
agencies; however, governmental immunity extends only to
governmental agencies as defined by statute and *not* to individ-
ual public officials acting in the line of duty (MCL 691.1401 *et
seq.;* MSA 3.996[101] *et seq.).*

2. Torts — Governmental Immunity — Governmental Agencies
— Tort Liability — Police Officers — False Arrest.

General governmental immunity from tort liability enjoyed by

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, States, Territories, and Dependencies §§ 104, 115.

[2] 32 Am Jur 2d, False Imprisonment §§ 79, 105, 119.
70 Am Jur 2d, Sheriffs, Police, and Constables § 50.

[3] 5 Am Jur 2d, Arrest §§ 112, 114.
Personal liability of policeman, sheriff, or other peace officer, or
bond, for negligently causing personal *injury or death. 60 ALR2d*
873.

governmental agencies is to be distinguished from the freedom from tort liability possessed by law enforcement officers when acting within the scope of their official duties; a law enforcement officer's immunity is conditioned upon acting in good faith with probable cause; for example, a police officer, acting in good faith with probable cause within the scope of his authority is not liable for false arrest or false imprisonment, even though the arrest is subsequently found to be baseless.

3. TORTS — GOVERNMENTAL IMMUNITY — POLICE OFFICERS — COMMON-LAW IMMUNITY — TORT LIABILITY — ASSAULT — BATTERY.

An individual police officer does not enjoy common-law freedom or immunity from tort liability in tort claims for assault, battery or use of excessive force after an arrest.

*Rifkin, Schultz & Kingsley, P.C.* (by *Frank Rhodes, III),* for plaintiff.

*Lilly & Domeny, P.C.,* for defendant.

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

PER CURIAM. Plaintiff brought suit against defendant, a police officer, claiming personal injuries in the police station after his arrest for a traffic violation.[1]

Defendant filed a motion for summary judgment and then an amended motion for summary judgment, the gist of which is that defendant police officer is immune from tort liability under the Michigan statutes which reinstated such immunity.[2] Although accompanied by defendant's affidavit, the amended motion is, by its terms, brought under GCR 1963, 117.2(1). Plaintiff's response to the motion asserted that the governmental immu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant accompanied his amended motion for summary judgment with his affidavit indicating the arrest of plaintiff was for driving while under the influence of intoxicating liquor.

[2] MCL 691.1407; MSA 3.996(107).

nity applied only to municipal corporations and their agencies, *e.g.,* police departments, and not individual police officers. In addition, plaintiff asserted that the common-law immunity of police officers (as distinguished from statutory governmental immunity which, by its terms, extends to "all government agencies"), extended only to acts within the scope of their authority. Plaintiff says that when defendant allegedly "assaulted, battered and falsely imprisoned" plaintiff, he exceeded his authority and, thereby, lost the common-law immunity he would otherwise enjoy as a police officer.

The trial judge filed a written opinion, holding that, when making an arrest, police officers are performing a governmental function and that when performing a governmental function a police officer enjoys governmental immunity under the statute.[3] The trial judge concluded that defendant arrested and charged plaintiff with driving a motor vehicle while under the influence of intoxicating liquor, that in so doing defendant performed a governmental function that rendered him immune from tort liability and, therefore, granted defendant's motion for summary judgment.

Plaintiff appeals as of right.

The recent history of the law regarding the tort liability of police is said to be characterized by shifting sands and obscured pathways.[4]

While the citation is from a Federal case, certainly the characterization fits the Michigan events. After the Michigan Supreme Court undertook to outlaw prospectively the general, common-law doctrine of governmental immunity or sover-

---

[3] MCL 691.1407; MSA 3.996(107).

[4] See, *Jones v Marshall,* 528 F2d 132, 141 (CA 2, 1975). For a full historical exposition, see Cooperrider, The Court, *The Legislature, and Governmental Tort Liability in Michigan,* 72 Mich L Rev 187 (1973).

eign immunity, insofar as it extended to municipal corporations,[5] the Legislature undertook, by statute, to reinstate governmental immunity.[6]

By governmental immunity, we mean that immunity from tort liability enjoyed by the state, its agencies, counties, municipal corporations and other political subdivisions when engaged in the exercise or discharge of governmental functions. It should be noted that this statute is *not* limited to law enforcement departments or agencies, but is a governmental immunity statute of general application to *all* governmental agencies. These statutes[7] have been interpreted to extend only to governmental agencies as defined in the statute and *not* to individual public officials acting in the line of duty.

In *Cole v Rife*,[8] plaintiff claimed damages for personal injuries in an automobile collision on the theory that the proximate cause of the collision was the negligence of a police officer in establishing a road block and directing traffic around it. This Court reversed the granting of a directed verdict in favor of the police officer at the conclusion of plaintiff's proofs, holding that the statutory sovereign immunity did not extend to a claim that a police officer was negligent in performing his official duty. Of similar import is *Lee v Utica*.[9]

However, this general governmental immunity from tort liability enjoyed by governmental agencies is to be distinguished from the freedom from tort liability possessed by law enforcement officers when acting within the scope of their official du-

---

[5] *Williams v Detroit,* 364 Mich 231; 111 NW2d 1 (1961).

[6] The last or present such statute being MCL 691.1407; MSA 3.996(107).

[7] MCL 691.1401-691.1415; MSA 3.996(101)-3.996(115).

[8] 77 Mich App 545; 258 NW2d 555 (1977), also, *Sherbutte v Marine City,* 374 Mich 48; 130 NW2d 920 (1964).

[9] 83 Mich App 679; 269 NW2d 267 (1978).

ties.[10] Sometimes, this rule is cast as being conditioned upon acting in good faith with probable cause.

For example, a police officer, acting in good faith with probable cause within the scope of his authority, is not liable for false arrest or false imprisonment even though the arrest is subsequently found to be baseless.[11] Examination of the record in this case, with particular reference to plaintiff's complaint, does not indicate a factual basis that would support a claim of false arrest or false imprisonment against defendant police officer. Consequently, we affirm the grant of summary judgment in favor of defendant on that part of plaintiff's claim that seeks recovery on a theory of false arrest or false imprisonment.[12] In short, we treat defendant's petition as a motion to dismiss and find that, as a matter of law, plaintiff's complaint does not state a cause of action predicated upon false arrest or false imprisonment.

The claim that defendant assaulted, battered and used excessive force upon plaintiff in the police station after arrest enjoys no such common-law freedom or immunity from tort liability. Insofar as the trial court granted summary judgment as a matter of law with respect to plaintiff's claim of assault and battery (excessive force), we find error, reverse the order for summary judgment and remand for trial.

Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.

---

[10] See, *Manion v State Highway Comm'r,* 303 Mich 1, 19-22; 5 NW2d 527 (1942), for careful delineation of distinction between sovereign immunity from suit and sovereign immunity from liability.

[11] 35 CJS, False Imprisonment, § 22, citing, *Hammitt v Straley,* 338 Mich 587, 594; 61 NW2d 641 (1953).

[12] In so ruling, we note that we are assigning a different basis for grant of summary judgment than that apparently expressed by the trial court.