**Mark S. FECTEAU, Plaintiff,**

v.

**UNKNOWN OFFICERS AND AGENTS OF the TOWNSHIP OF CLINTON, City of Sterling Heights, City of Utica, Township of Shelby, City of St. Clair Shores; City of Fraser; City of Detroit; County of Macomb; State of Michigan and the Township of Clinton, City of Sterling Heights; City of Utica; Township of Shelby; City of St. Clair Shores; City of Fraser; City of Detroit; County of Macomb; State of Michigan and Dale Holland, jointly and severally, Defendants.**

**No. 81 CV 30070 PH.**

United States District Court, E.D. Michigan, S.D.

July 3, 1984.

Arthur G. Behm, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for City of Utica.

Charles Y. Cooper, Royal Oak, Mich., for plaintiff.

Thomas L. Buller, Mount Clemens, Mich., for Unknown Agents in Macomb County.

Eric G. Flinn, Sterling Heights, Mich., Dennis LeDuc, Mount Clemens, Mich., Roger F. Wardle, Farmington Hills, Mich., for Township of Shelby.

Steven B. Sinkoff, Detroit, Mich., for City of Fraser.

David G. Edick, Lansing, Mich., for State of Michigan.

John C. Patrick, Jr., Southfield, Mich., for Township of Clinton.

John H. Dise, Jr., Southfield, Mich., for City of Detroit.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 claiming that he was beaten by several police officers. The incident allegedly occurred when approximately eighty police officers attempted to disperse a party attended by approximately eight hundred youths. The date of the alleged beating was either late at night on September 9, 1978, or early in the morning of September 10, 1978. Plaintiff filed his original complaint on September 9, 1981. The original complaint alleged three separate causes of action against various defendants. Count I alleged a state tort claim based on assault and battery, and negligence. Count II alleged a violation of 42 U.S.C. § 1983. Count III alleged a negligence claim against Mr. Dale Holland, organizer of the party.

To provide a context for the motions presently before the Court, it is necessary to review the procedural history of this case. Plaintiff's original complaint identified two classes of defendants: the unknown officers and agents of nine government entities, and the nine government entities themselves. In a Memorandum Opinion and Order issued November 9, 1982, the Court addressed several defense motions to dismiss the allegations of plaintiff's first amended complaint. The first amended complaint varied little from plaintiff's original complaint, for it retained the same two classes of defendants, and the same three counts. Indeed, the only significant difference was a more extensive allegation concerning the policies which were the purported grounds for government liability under the requirements of *Monell et al. v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

After discussing defendants' motions, the order of November 9, 1982, dismissed Count I as to all nine of the government entities, and dismissed Count II as to the State of Michigan and the County of Macomb. In addition, the Court examined the allegations of Count II as they related to the other government entities, and found the plaintiff's allegations concerning a government custom or policy lacking. Rather than dismiss Count II against all the government entities, the Court granted plaintiff until March 1, 1983 to complete discovery on this issue and file an amended complaint setting forth sufficient factual and legal allegations to satisfy *Monell*.

After the Court's opinion of November 9, 1982, the plaintiff stipulated to dismiss the defendant City of Detroit and the City of St. Clair Shores. However, the plaintiff did little or no discovery between November and March 1, 1983. Nevertheless, the Court granted plaintiff an extension until June 7, 1983, by which time the plaintiff was to complete discovery and file the amended complaint initially due on March

1, 1983. Once again plaintiff was tardy, since a second amended complaint was not filed until June 13, 1983. At the time the second amended complaint was filed, the Court's actions and the plaintiff's dismissal had left only five government entities as defendants: The Township of Clinton, the City of Sterling Heights, the City of Utica, the Township of Shelby, and the City of Fraser. Moreover, each of these government entities remains in the case solely under the allegations of Count II. To date, little has been done concerning the unknown officers and agents of the original nine governmental entities, so this group remains as obstensible defendants as to both Counts I and II.

This matter is presently before the Court on the following motions:

(1) Defendant City of Utica's motion to dismiss or for summary judgment;

(2) Defendant City of Sterling Heights' motion for summary judgment;

(3) Defendants City of Fraser and Township of Clinton's motion for summary judgment;

(4) Defendant Township of Shelby's motion to dismiss or for summary judgment; and

(5) Plaintiff's motion to add party defendants.

The Court will first address defendants' motions as a group, because they raise the same issues. The Court will then address plaintiff's motion.

I. *Defendants' Motions to Dismiss or for Summary Judgment*

The Court would characterize all of defendants' motions as motions to dismiss, for they attack the sufficiency of plaintiff's allegations, rather than asserting that the plaintiff lacks a meritorious claim. In considering a motion to dismiss for failure to state a cause of action, the complaint is construed favorably to the pleader and its allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The test for measuring the sufficiency of plaintiffs' complaint was set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), where the Supreme Court held:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

As the Sixth Circuit has recognized, this standard is to be strictly applied in civil rights actions:

Dismissals of complaints under the civil rights statutes are scrutinized with special care. A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) simply requires 'a short and plain statement of the claim showing that the pleader is entitled to relief ...' FR Civ P 8(a)(2). All a complaint need to do is to afford the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' [cites omitted] *Westlake v. Lucas*, 537 F.2d 857 (6th Cir.1976).

In an effort to attach Section 1983 liability to the government entities, plaintiff's second amended complaint claims that defendants failed to adequately train their police personnel. Specifically, plaintiff alleges that defendants improperly hired officers who could not handle young people, and then failed to allocate sufficient funds to train the officers in handling large groups of youths, in working with other police departments, or in proper arrest procedures. (Plaintiff's second amended complaint, ¶ 17.)

The controlling principles concerning the Section 1983 liabilities of local government entities were articulated in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In relevant part, the Court in *Monell* stated:

"Local governing bodies, therefore, can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is

alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers."

436 U.S. at 690, 98 S.Ct. at 2035–2036. In addition, the Court held that:

"local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." 436 U.S. at 690–691, 98 S.Ct. at 2036.

However, the Supreme Court has made no rulings, or given any authoritative direction, on the issue of the liability under Section 1983 of a government unit for injuries resulting from the lack of adequate training of its police personnel. The Circuit Court of Appeals decisions have not been harmonious on this issue. Some circuits require that recovery may be had only when an injury results from the complete or grossly inadequate training of a police force which is the result of a deliberate and conscious indifference by the City. In contrast, other circuits require that a municipality may not be held liable unless there is gross negligence in training combined with a pattern of similar incidents or evidence of widespread misbehavior throughout the police force. *See generally, Languirand v. Hayden,* 717 F.2d 220 (5th Cir.1983), and cases cited therein. In the Sixth Circuit, a municipality may be held liable only where there is a complete failure to train the police force, or training that is so reckless or grossly negligent that future police misconduct is almost inevitable, or would properly be characterized as substantially certain to result. *Hays v. Jefferson County Ky.,* 668 F.2d 869 (6th Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982).

█ Given the requirements articulated by the Sixth Circuit, the question remains as to what type of pleadings are required to overcome a motion to dismiss. The Court believes that it is necessary that in addition to allegations concerning a single incident involving the plaintiff, the plaintiff must plead some facts which indicate the particular manner in which the government entity adopted an impermissible policy. *Appletree v. City of Hartford,* 555 F.Supp. 224 (D.C.Conn.1983). In a case of police misconduct, this requirement would be most commonly met by pleading the existence of other similar incidents. *Mui v. Dietz,* 559 F.Supp. 485 (N.D.Ill.1983). The Court bases this conclusion on more than the above-cited authorities. The Court believes that this pleading requirement effectuates the policies of F.R.Civ.P. 8(a)(2) for without such pleadings, defendants would not have fair notice of what the plaintiff's claim is and the grounds on which it rests. Moreover, the Court is of the opinion that this requirement serves to provide a mechanism for identifying meritorious Section 1983 claims early in the course of litigation: A policy which is specifically endorsed by the Supreme Court, and by inference, the Sixth Circuit. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Vicory v. Walton, Sheriff, et al.,* 721 F.2d 1062 (6th Cir.1983).

█ In the instant case, the plaintiff has failed to allege that there was a complete failure to train the police force, nor has he alleged that the training was so grossly negligent that future misconduct was certain to result. Plaintiff also failed to allege the manner in which the government adopted an impermissible policy. Accordingly, defendants' motions to dismiss are GRANTED, and this case is DISMISSED as the five remaining municipal defendants.

II. *Plaintiff's Motion to Add Party Defendants*

█ As previously discussed, this litigation has revolved around the liability of the government defendants. With the exception of the County of Macomb and the City of Utica, defense counsel have not entered appearances on behalf of the unknown officers, but have only appeared on behalf of the government entities. Indeed, the various motions of defendants have all been addressed to the liability of the government

units. Plaintiff has similarly neglected the unknown officer group of defendants, for each stipulation to dismiss included only the government body being dismissed.

Nevertheless, the fate of the "unknown officers" of the municipalities is now a critical issue, for they and defendant Dale Holland are the only remaining defendants in this action. The issue is brought before the Court by plaintiff's motion to add as party defendants named police officers in the St. Clair Shores Police Department, the City of Sterling Heights Police Department, and the Township of Clinton Police Department. Plaintiff's motion has been opposed by the government entities because the statute of limitations has expired.

As noted in the Court's opinion of November 9, 1982, plaintiff filed this action one day before the expiration of the statute of limitations. In effect, plaintiff at this time is attempting to substitute in named defendants for the unknown officers originally charged. This naming of the new defendants would relate back to the date of filing if plaintiff satisfies all the requirements of F.R.Civ.P. 15(c). However, in the instant case the new defendants could not have had notice of this action within the period of the statute of limitations, because plaintiff did not serve any defendant until June of 1982, seven months after the expiration of the statute of limitations. Thus, the requirements of F.R.Civ.P. 15(c) are not satisfied, and plaintiff's motion to add party defendants is DENIED. *See generally, Varlack v. SWC Caribbean Inc.,* 550 F.2d 171 (3rd Cir.1977); *Sassi v. Breier,* 76 F.R.D. 487 (D.C.Wisc.1977); *aff'd* 584 F.2d 234 (7th Cir.1978).

Given the requirements of F.R.Civ.P. 15(c) and plaintiff's dilatory service of the instant complaint, it appears that plaintiff will never be able to substitute in a named party for the unknown officers. Further, plaintiff has never served defendant Dale Holland. Therefore, the Court believes that this matter should be dismissed as to the various groups of unknown officers and defendant Dale Holland. Rather than dismiss this action against those defendants *sua sponte*, the Court will give plain-

tiff until July 18, 1984, to show cause in written pleadings why this case should not be dismissed as to the unknown officers and Dale Holland. The July 18 deadline means that pleadings must be filed by that date, and extensions are unlikely, absent a showing of compelling reasons for any further delay of what have already been lengthy proceedings.

### III. *Conclusion*

For the reasons stated above, the Court rules as follows:

(1) Defendant City of Utica's motion to dismiss or for summary judgment is GRANTED;

(2) Defendant City of Sterling Heights' motion for summary judgment is GRANTED;

(3) Defendants City of Fraser and Township of Clinton's motion for summary judgment is GRANTED;

(4) Defendant Township of Shelby's motion to dismiss or for summary judgment is GRANTED; and

(5) Plaintiff's motion to add party defendants is DENIED.

IT IS SO ORDERED.