Aaron **SMITH**, Plaintiff,

v.

Fred **YONO** and James Haney, individually and in their representative capacities as police officers for the Township of Van Buren, John Orskey, Larry Crider and Verne Taylor, individually and in their official capacities as police officers for Van Buren Township, the City of Belleville, Defendants.

Civ. A. No. 84–0981.

United States District Court, E.D. Michigan, S.D.

April 30, 1985.

---

Juan A. Mateo, Southfield, Mich., for plaintiff.

Donald L. Payton, Southfield, Mich., Bernard P. McClorey, Livonia, Mich., Gerald Hemming, Canton, Mich., for defendants.

## MEMORANDUM OPINION

SUHRHEINRICH, District Judge.

The original complaint in this action was filed on February 20, 1984 in Wayne County Circuit Court. Plaintiff is seeking damages from individual and municipal defendants in connection with injuries received and alleged constitutional deprivations arising out of his arrest and incarceration on February 22, 1982. The matter is presently before the Court on defendants' motion for summary judgment. The complaint includes four primary counts which allege: (1) deprivation of constitutional rights in violation of 42 U.S.C. § 1983, (2) assault and battery, (3) false arrest and imprisonment, and (4) violation of certain duties and standards enumerated in the Michigan Administrative Rules.

The precise factual background underlying the subject incident is disputed by the parties. Based upon statements of facts submitted by both plaintiff and defendants, as well as affidavits in support of these statements, the basic factual background of the subject incident may, however, be summarized as follows.

Plaintiff Aaron Smith and several of his friends were at the Tin Lizzie Restaurant in Van Buren Township on the afternoon and evening of February 22, 1982. It appears that officers from the Van Buren Township Police Department responded to complaints of disturbances at the restaurant on two occasions on this date. Officers from the City of Belleville also responded to "back-up" the Van Buren police officers. The City of Belleville police officers, Taylor and Crieder, responded to the second complaint. Officers Yono and Haney, from Van Buren Township, also responded to this second complaint. Subsequently, Officer Yono made the decision to arrest Aaron Smith when Smith attempted to grab or strike Officer Yono from the rear. The parties dispute the amount of resistance which Smith exerted upon his arrest.

Plaintiff's version of this incident, as outlined in the complaint, alleges that four officers grabbed onto the plaintiff and escorted him out the door of the restaurant. Further, that the officers used excessive force and broke plaintiff's arm in escorting him out of the restaurant. Plaintiff's deposition indicates he does not know which of the officers had a hold of his arm. (See plaintiff's deposition at 44.) The deposition testimony of Officers Yono, Haney and Taylor indicate that Yono had arrested and was escorting Mr. Rorabacher, a friend of plaintiff, toward the door when Mr. Smith was observed grabbing at Police Officer Yono. At this point, Officer Yono directed

the City of Belleville police officers, Taylor and Crieder, to arrest Aaron Smith. The Belleville officers assert that they did not have authority to make the arrest in Van Buren Township, but were acting pursuant to Officer Yono's direction in making the arrest.

Plaintiff further alleges that he complained to the officers arresting him, and when subsequently taken to the Van Buren jail, to officers at that facility, that he had a broken arm and required medical attention. Subsequently, Smith was transported to the Canton Township "lock up" where he was sent for overnight detention. Plaintiff alleges he also informed the officers at the Canton Township facility of his broken arm, and they also refused to allow him treatment. Allegedly, plaintiff was denied access to medical treatment by all defendants. Further, that as a result of the incident plaintiff's arm was indeed broken, and was permanently damaged.

## I.

■ The Court must first consider the potential liability of municipal defendants City of Belleville, Van Buren Township and Canton Township. In this regard, the Court is guided by the recent Michigan Supreme Court decision in *Ross v. Consumers Power*, 420 Mich. 567, 363 N.W.2d 641 (1985). In *Ross*, the Michigan Supreme Court thoroughly re-examined governmental immunity as it applies to state agencies and municipalities. Under the guidelines issued in the *Ross* opinion, the Michigan Supreme Court decided nine pending governmental immunity cases. The governmental immunity analysis included in *Ross* is applicable to pendent state claims advanced in this action by the plaintiff.

The liability of the municipal defendants based upon state law claims is premised upon a vicarious liability theory. The *Ross* court summarized potential municipal liability under this theory as follows: "A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary or which falls within a statutory exception." *Ross v. Consumers Power*, 420 Mich. at 625, 363 N.W.2d 641. The court went on to cite *Sherbutte v. Marine City*, 374 Mich. 48, 50, 130 N.W.2d 920 (1964), paraphrasing that decision as follows: "The city cannot be held vicariously liable for torts of its police officers committed during the course of an arrest because the officers were engaged in police activity which is a governmental function entitled to immunity." *Ross v. Consumers Power*, 420 Mich. at 625, 363 N.W.2d 641. The test which the Supreme Court announced requires satisfaction of three parts to impart vicarious liability upon a governmental agency. The agent must (1) be acting during the course of employment, (2) within the scope of his authority, and (3) while engaged in a nongovernmental or proprietary function.

Here, the alleged wrong occurred while police officers were arresting, "booking", and incarcerating the plaintiff. Thus, the officers were acting during the course of their employment and within the scope of their authority. Finally, numerous cases hold, and the Court finds, that the performance of police activities is a governmental function. The Supreme Court applied the *Ross* principles to the matter of *Trezzi v. City of Detroit* one of the nine companion cases embraced in the *Ross* decision. In the *Trezzi* matter, the court determined that police functions were mandated or authorized by state constitution, state statute and city charter, and therefore constituted a governmental function. *Ross v. Consumers Power*, 420 Mich. at 653, 363 N.W.2d 641.

Plaintiff resists summary judgment in favor of the municipal defendants arguing that the *conduct* of the individual police officers was nongovernmental. Plaintiff's argument on this point is that the conduct of the officers in using excessive force during the arrest was nongovernmental and beyond the scope of immunity protection. This argument must fail, however, as a clear reading of the *Ross* opinion mili-

tates against such an analysis. In *Ross,* the Michigan Supreme Court focused upon the *activity* being engaged in at the time the tort was committed to determine the existence of a governmental function. "However, *if the activity* in which the tort-feasor was engaged at the time the tort was committed constituted the exercise or discharge of a governmental function (i.e., the activity was expressly or impliedly mandated or authorized by constitution, statute, or other law), the agency is immune pursuant to § 7 of the Governmental Immunity Act." *Ross v. Consumers Power,* 420 Mich. at 625, 363 N.W.2d 641 (emphasis supplied). Here, the activity being engaged in by the officers at the time the alleged torts were committed was the arrest of the plaintiff. Thus, as defendants were engaged in police activity at the time the tort was committed, the municipalities are protected by governmental immunity. As such, state law claims against the municipal defendants should be dismissed.

## II.

The next issue which must be addressed by the Court is the application of governmental immunity standards to the individual police officers. The *Ross* governmental immunity test applicable to individual police officers was expressed as follows: "lower level officials, employees, and agents are immune from tort liability only when they are: (1) acting during the course of their employment and acting or reasonably believe they are acting, within the scope of their authority; (2) acting in good faith; and (3) performing discretionary, as opposed to ministerial acts." *Ross v. Consumers Power,* 420 Mich. at 633–34, 363 N.W.2d 641.

The key inquiry here is determining whether the police officers were engaged in discretionary or ministerial acts. The Court is guided by the Michigan Supreme Court's discussion and decision in *Ross* pertaining to the companion case of *Zavala v. Zinser.* There the court noted: "The determination of what type of action to take, e.g., make an immediate arrest, pursue a

suspect, issue a warning, await back-up assistance, etc., is a discretionary, decisional act entitled to immunity. *Once that decision has been made, however, the execution thereof must be performed in a proper manner,* e.g. the arrest must be made without excessive force ..." *Ross v. Consumers Power,* 420 Mich. at 659–60, 363 N.W.2d 641 (emphasis supplied).

Applying these principles, the Court concludes that the determination to arrest plaintiff was discretionary or decisional and the individual officers were entitled to immunity in reaching that decision. The actual execution of the decision, however, is a ministerial act which the officers are required to perform in a nontortious manner. Defendant cites the court to *Brewer v. Perrin,* 132 Mich.App. 520, 349 N.W.2d 198 (1984). There the Michigan Court of Appeals found that a police officer may use reasonable force when making an arrest. The court noted: "The measure of necessary force is that which an ordinarily prudent and intelligent person with the knowledge and in the situation of the arresting officer would have deemed necessary." *Brewer,* 132 Mich.App. at 528, 349 N.W.2d 198. This objective standard is properly measured by the trier of fact and the issue may be disposed of on summary judgment motion based upon the record in this case.

Based upon the guidelines established in *Ross,* individual police officers employing excessive force in an arrest are not immune from tort liability. The deposition testimony of Officers Yono, Haney and Taylor establishes that Officers Taylor and Crieder were escorting plaintiff from the restaurant at the time the alleged battery took place. (See Depositions of Yono at 22–23; Haney at 29–30; Taylor at 49.) Deposition testimony and an affidavit submitted by plaintiff Smith states that four officers escorted Smith from the restaurant. (Smith Deposition at 41; Affidavit at 1.) Upon this record, summary judgment on the assault and battery count as to the individuals officers, Yono, Haney, Taylor and Crieder, would be inappropriate.

■ For reasons similar to those discussed above and pertaining to the assault and battery count, the individual officers may not be dismissed as to plaintiff's claim as to false arrest and false imprisonment. Governmental immunity does not protect the individual officers from the false arrest and imprisonment claim. The elements of a false arrest require that the arrest be made without probable cause. See *Lewis v. Farmer Jack Division, Inc.*, 415 Mich. 212, 327 N.W.2d 893 (1982). The Michigan Court of Appeals has articulated the standard for false arrest as follows: "A police officer acting *in good faith* with probable cause within the scope of his authority is not liable for false arrest or false imprisonment ..." *Blackmen·v. Cooper*, 89 Mich. App. 639, 280 N.W.2d 620 (1979). In short, false arrest would require a showing of a lack of good faith, or bad faith, on the part of an officer. This is consonant with the three part immunity test established in *Ross*. The record established in the case, therefore, requires that summary judgment be denied. While little evidence has been brought forth by the plaintiff tending to prove bad faith on the part of the arresting officers, it cannot be said that no issue of material fact remains. Therefore, the individual police officers may not be dismissed on summary judgment motion as to plaintiff's state law claim of false arrest and false imprisonment.

■ For the same reasons as stated above, the Court concludes that allegations in Count IV may not be dismissed as to the individual police officers on summary judgment motion. Issues exist pertaining to the good faith of the police officers in attending to the plaintiff while a detainee consistent with the provisions embraced in the Michigan Administrative Rules. Many of the alleged breaches of duty and negligent behavior of the police officers included in this Count of the complaint and relating to plaintiff's treatment while incarcerated are based upon ministerial decisions not protected under the governmental immunity statute.

### III.

The final portion of plaintiff's complaint which the Court must consider, pursuant to this motion, are allegations that both municipal and individual defendants violated plaintiff's civil rights. Plaintiff seeks redress for deprivation of his right to be free from unreasonable search and seizure, his right to be free from illegal and corporal punishment and his right to adequate medical attention.

■ Failure to provide adequate medical attention may give rise to an action pursuant to § 1983 for violation of Eighth Amendment rights. In *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251, 261 (1976), the Court framed the test for an Eighth Amendment violation as follows:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, [428 U.S. 158], *supra* at 182–83, 49 L.Ed.2d 859, 96 S.Ct. 2909 (joint opinion), prescribed by the Eighth Amendment. This is true whether the indifference is manifest by prison doctors in their response to the prisoners' needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once proscribed. Regardless of how evinced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. ...

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to medical needs.

*Estelle v. Gamble*, 429 U.S. at 104–06, 97 S.Ct. at 291–92, 50 L.Ed.2d at 260–61.

■ Plaintiff alleges that he repeatedly requested medical attention while in police custody from Van Buren and Canton Township police officers, and was denied proper medical attention. (See Smith Deposition at 47.) Based upon pleadings and supportive materials submitted to the Court thusfar, it cannot be said that no genuine issue

of material fact remains regarding the individual officer's liability on this count.

■ Plaintiff also alleges deprivation of constitutional rights protected under § 1983 by reason of an unlawful arrest and excessive force used during his arrest. (See Complaint at 3.) Again, the claims of the plaintiff have not been sufficiently rebutted to warrant disposition on summary judgment motion.

■ Finally, plaintiff seeks to hold municipal defendants Canton Township, Van Buren Township and the City of Belleville liable under the § 1983 claims enumerated above. In this analysis, the Court is guided by the principles enumerated in *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell*, the Supreme Court held that municipalities may be sued under § 1983 for the implementation of an unconstitutional policy, statute or custom. Local governmental units may not be held liable solely on a theory of respondeat superior. *Id.* at 691, 98 S.Ct. at 2036. *See also, Brandon v. Holt,* — U.S. ——, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985); *Marchese v. Lucas,* 758 F.2d 181 (6th Cir. 1985).

■ Plaintiff's complaint alleges that the municipal defendants "should have known of the vicious, violent, wanton and malicious propensities of the defendant officers, including their propensity to, either alone or in concert, violate the rights of citizens, detainees or arrestees held in their custody ... [and further that the defendant municipalities] failed to adequately train, supervise or discipline the defendant officers." (Complaint at ¶ 19, 20 and 21.) Plaintiff has supplied the Court with few or no facts to support allegations embraced in the pleadings. In its response brief in opposition to summary judgment, plaintiff argues that the type and amount of training a police officer receives necessary to avoid an inference of police misconduct is properly a jury question. *Rymer v. Davis,* 754 F.2d 198, 201 fn. 1 (6th Cir.1985). Where a question of fact regarding the adequacy (or

inadequacy) of police training exists, the Court agrees the issue would properly be reserved for jury determination. Here, however, plaintiff has advanced no facts upon which a finding that inadequate police training existed or that the municipal defendants should have known about violent propensities of the officers. Indeed, plaintiff has failed to even allege in what fashion the officers were trained and how that training was defective.

In *Fecteau v. Unknown Officers and Agents of Clinton Twp.*, 596 F.Supp. 580 (E.D.Mich.1984), the court was confronted with a similar issue. There, plaintiff filed a complaint alleging local governmental responsibility for police officer misconduct. In evaluating the merits of a motion to dismiss, the court stated:

> The Court believes that it is necessary that in addition to *allegations* concerning a single incident involving the plaintiff, the plaintiff must plead *some facts* which indicate the particular manner in which the governmental entity adopted an impermissible policy.... The Court believes that this policy effectuates the policies of F.R.Civ.P. 8(a)(2) for without such pleadings, defendants would not have fair notice of what the plaintiff's claim is and the grounds on which it rests. Moreover, the Court is of the opinion that this requirement serves to provide a mechanism for identifying Section 1983 claims early in the course of litigation....

*Fecteau v. Unknown Officers and Agents of Clinton Twp.*, 596 F.Supp. at 583.

The Court agrees with Judge Harvey's reasoning in *Fecteau*. Plaintiff will be given the opportunity to provide the Court with facts in support of its § 1983 claim against the defendant municipalities. This factual showing should illustrate the particular manner in which the municipalities adopted impermissible policies or failed to properly train the officers.

IV.

In conclusion, and for the reasons stated above:

(1) Defendants' Motion for Summary Judgment in favor of municipal defendants City of Belleville, Van Buren Township and Canton Township as to all state law claims included in the complaint is GRANTED.

(2) Defendants' Motion for Summary Judgment in favor of individually named police officers shall be DENIED as to all counts.

(3) Defendants' Motion for Summary Judgment as to alleged § 1983 violations against municipal defendants shall be GRANTED, without prejudice, however, to enable plaintiff to submit to the Court factual evidence illustrating the particular manner in which the municipalities adopted impermissible policies. Said evidence shall be submitted to the Court within ten days of this Order.

An appropriate order in conformance with this opinion shall be entered.