**Shelly A. HAAS, Plaintiff,**

v.

**BERRIEN COUNTY SHERIFF'S DEPARTMENT; Forrest L. Jewell; James Bale; David Chandler; Gwen Oliver; Keith Hafer; Michael Lavanway; City of Watervliet; Daniel Day; Joe Garski; and Thomas Ketchum, Defendants.**

**No. K86–462.**

United States District Court, W.D. Michigan, S.D.

April 30, 1987.

Karl V. Bush, Gerald R. Stahl, Grand Rapids, Mich., for plaintiff.

J. William Dark, Kalamazoo, Mich., Richard W. Winslow, Livonia, Mich, for defendants.

### OPINION

ENSLEN, District Judge.

This is a section 1983 action in which defendants arrested plaintiff, pursuant to a warrant, and detained her for three days even though she was innocent of the charges against her. Defendants apparently relied on erroneous information supplied by a confidential informant in securing a warrant and arresting and detaining plaintiff. Presently pending before the Court for decision is defendants' January 14, 1987 motion for judgment on the plead-

ings and plaintiff's February 17, 1987 motion for default. For the reasons discussed below, the Court will treat defendants' motion as one to dismiss pursuant to rule 12(b)(6) or, alternatively, as a motion for a more definite statement pursuant to rule 12(e), will grant in part and deny in part such motion, and will deny plaintiff's motion for default.

### Facts

Plaintiff was arrested at her home on May 6, 1986—it is unclear exactly who arrested her—for having possessed and delivered LSD, and was subsequently detained at either a police station or the Berrien County Jail. The arrest apparently was made pursuant to a warrant, although neither party has seen fit to provide the Court with a copy of the warrant, or for that matter with much other information concerning this case. The Berrien County prosecuting attorney subsequently discovered that defendants had arrested the wrong person and dismissed the charges against plaintiff. Defendants allege that any records concerning plaintiff's arrest have been expunged. Plaintiff alleges, however, that by that time the damage had been done as her name, picture, address, charge, and bond amount had been published in the Benton Harbor newspaper.

Plaintiff filed suit against defendants on November 25, 1986. She filed an amended complaint on April 9, 1987. In her amended complaint, plaintiff sets forth five claims for relief. First, in count I of the complaint, plaintiff alleges that defendants' action in arresting her violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and her rights under article I, section II of the Michigan Constitution, because they did not have probable cause to do so. In count II, plaintiff alleges that defendants violated her constitutional rights by "unlawfully and falsely" imprisoning her and by subjecting her to "various degrading and demoralizing treatment." Count III of plaintiff's complaint alleges that defendants the Berrien County Sheriff's Department and the City of Watervliet violated her constitutional rights by "establishing a pattern of negligent training and supervision of" their sheriff, sheriff's deputies, and police officers in the performance of their duties, and thereby causing her wrongful arrest and imprisonment. In count IV of her complaint plaintiff alleges that defendants deprived her of "her rights, privileges, and immunities secured by the Constitution and the laws of the United States." Finally, in count V of the complaint, plaintiff alleges that defendant Ketchum, who allegedly is the informant that told the police plaintiff was involved in the sale of illegal drugs, violated her constitutional rights by making a wrongful and reckless identification of her. Plaintiff also alleges in this count that the Berrien County Sheriff's Department similarly was reckless in failing to establish the truth of defendant Ketchum's identification of her as a drug dealer.

On April 7, 1987 the Court approved a stipulation to dismiss the City of Watervliet and Danny Day as defendants. The only defendants before the Court thus apparently are associated with the Berrien County Sheriff's Department. On January 14, 1987 defendants the Berrien County Sheriff's Department, Jewell, Bale, Chandler, Oliver, Hafer, and Lavanway filed a motion for judgment on the pleadings. Plaintiff has filed a response to defendants' motion. On February 17, 1987 plaintiff filed a motion for default against defendants Bale, Chandler, Hafer, and Lavanway, who at that time had not yet responded to plaintiff's complaint. Before discussing the parties' motions, the Court notes that count IV of plaintiff's complaint essentially duplicates the claims plaintiff makes in counts I, II, and III. The Court thus *sua sponte* will dismiss such count.

### Discussion

#### A. Motion for Judgment on the Pleadings

As I stated in the introduction to this opinion, I am going to treat defendants' motion as either a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") or a motion for a more definite statement pursuant to rule 12(e) of the rules. I cannot and will not

accept it as a motion for a judgment on the pleadings pursuant to rule 12(c) for at least two reasons. First, defendants Bale, Chandler, Hafer, and Lavanway had not yet filed an answer to plaintiff's complaint when they filed their rule 12(c) motion. Since they had not answered plaintiff's complaint, there was no complete set of pleadings on which the Court could determine the merits of this case. Second, and more importantly (particularly since these defendants have now answered plaintiff's complaint), the record in this case is woefully inadequate for the Court to make a determination on the merits and to enter a judgment for either party. I am at a complete loss, *inter alia*, as to who did what to whom, when, and where. The Court therefore will examine defendants' motion under the standards that apply to motions brought under rules 12(b)(6) and 12(e).

Defendants raise four grounds in support of their motion. First, they argue that plaintiff has failed to plead sufficient facts to establish that they acted with the malicious intent allegedly required for liability under both state law and section 1983. With regard to plaintiff's section 1983 claim, defendants are in essence claiming that they are entitled to the defense of qualified immunity. Second, defendants argue that plaintiff has failed to state a claim on which relief can be granted under section 1983. This argument is composed of three parts. First, defendants assert that since they had a warrant to arrest plaintiff, she has no cause of action under the Fourth Amendment. Second, defendants argue that plaintiff has failed to allege sufficient facts to impose municipal liability on either the Sheriff's Department or Sheriff Jewell. Finally, defendants argue that plaintiff has no claim under the due process clause of the Fourteenth Amendment. Defendants' third argument in support of their motion is that plaintiff's claim is without merit because she has adequate remedies under state law. Finally, defendants present the conflicting argument that they are immune from liability under state law.

The Court has reviewed the parties' briefs and the applicable case law and concludes that it should dismiss plaintiff's complaint, without prejudice and with leave to amend, because plaintiff has failed to plead sufficient facts to establish defendants' liability under section 1983. I am not ruling that plaintiff has failed to state a claim upon which relief can be granted. She clearly has a constitutional right not to be arrested absent probable cause and not to be detained pursuant to an unlawful arrest. Contrary to defendants' argument, moreover, they are not immune from liability under the Fourth Amendment simply because they had secured a warrant for plaintiff's arrest. *See Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In addition, plaintiff may be able to hold the Sheriff's Department and Sheriff Jewell liable for her injuries not only on the basis of any direct involvement they may have had in the events at issue here but also on the basis of supervisory or municipal liability. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hays v. Jefferson County,* 668 F.2d 869 (6th Cir.1982).

For section 1983 actions, however, particularly those that implicate concerns of official immunity, courts have established a standard of pleading that requires more detailed factual allegations than those required by the general "notice" pleading standard. As the Fifth Circuit recently stated, "[i]n the now familiar cases invoking 42 U.S.C. § 1983 we consistently require the claimant to state specific facts, not merely conclusory allegations." *Elliott v. Perez,* 751 F.2d 1472, 1479 (5th Cir.1985); *see also Place v. Sheperd,* 446 F.2d 1239, 1244 (6th Cir.1971). This rule is particularly applicable in cases raising claims of official immunity where "the burden of being able to ascertain what the real facts are in order to determine the defense of immunity is placed squarely on the district judge." *Elliott,* 751 F.2d at 1480. It is equally applicable, moreover, to claims of

supervisory or municipal liability and immunity, where the substantive case law requires the plaintiff to plead, at least to some extent, the facts on which she bases her claim. *See Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir.1985); *Loza v. Lynch,* 625 F.Supp. 850, 854 (D.Conn.1986); *Fecteau v. Unknown Officers and Agents of Clinton Township,* 596 F.Supp. 580, 582–83 (E.D.Mich.1984).

The Court is aware that plaintiffs often have to conduct discovery pursuant to the federal rules to uncover the facts they need to establish supervisory or municipal liability or to overcome a claim of immunity. Yet I must impose a somewhat higher standard of pleading than merely "notice" pleading to accomplish my duty of disposing of meritless claims before defendants incur substantial expense or inconvenience. Plaintiff's complaint, which consists primarily of conclusory allegations of unconstitutional conduct, fails to meet this standard, and I accordingly will dismiss the complaint, without prejudice and with leave to amend, because plaintiff has failed to plead sufficient facts to establish her entitlement to relief under section 1983. Plaintiff shall have forty-five (45) days from the date of this opinion to file an appropriate amended complaint. Since the Court has ordered plaintiff to file an amended complaint, it will not address the other grounds defendants have raised in support of their motion for a judgment on the pleadings, other than to note that if defendants wish to renew their motion after plaintiff has filed her amended complaint they should do so with adequate legal and factual documentation of their arguments. Finally, plaintiff should clearly separate her state and federal law claims in her amended complaint.

### B. *Motion for Default*

Plaintiff requests the Court to default defendants Bale, Chandler, Hafer, and Lavanway for failure to file a timely answer to her complaint. Plaintiff had served these defendants by certified mail, return receipt requested, with a summons and a copy of her complaint shortly after she had filed the complaint. She filed her motion for default on February 17, 1987. Defendants answered her complaint on March 20, 1987. In response to plaintiff's motion, defendants argue that they were not served in accordance with rule 4. FRCP 4. The Court agrees. Plaintiff apparently attempted to serve defendants under rule 4(c)(2)(C)(ii), which provides that a plaintiff may effectuate service "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender." FRCP 4(c)(2)(C)(ii). The rule further provides that "[i]f no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3)." *Id.*

Plaintiff's only proofs of service are return receipts. The file contains no acknowledgements of service conforming to form 18–A. Since plaintiff has failed to establish that she properly served defendants Bale, Chandler, Hafer, and Lavanway, the Court will deny her motion for default.

### ORDER

In accordance with the opinion dated April 30, 1987;

IT IS HEREBY ORDERED that defendants' January 14, 1987 Motion for Judgment on Pleadings is GRANTED in part and DENIED in part; plaintiff's complaint is dismissed without prejudice and with leave to amend; plaintiff shall have forty-five (45) days from the date of this Order in which to file an appropriate amended complaint;

IT IS FURTHER ORDERED that plaintiff's February 17, 1987 Motion for Default is DENIED.