Terry **ROXBURY**, Personal Representative of the Estate of Dennis Roxbury, Deceased, Plaintiff,

v.

Michigan State Troopers James **PAUL**, Norman Lohroff, and Marco Jones, Jointly and Severally, Defendants.

No. 1:92–CV–90.

United States District Court, W.D. Michigan, S.D.

Oct. 7, 1992.

Robert Van Cleef, Becker & Van Cleef, P.C., Jeffrey Raymond Portko, Southfield, MI, for plaintiff.

Brian D. Devlin, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Corrections Div., Lansing, MI, for defendants.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

This action charges violations of Title 42 United States Code Section 1983, the Michigan State Constitution, and state tort law prohibiting assault and battery and gross negligence. Pending before this Court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, a motion for summary judgment under Rule 56(b).

### I.

This case arises from the fatal shooting of Dennis Roxbury ("decedent") by three Michigan state troopers. It is undisputed that at 2:30 a.m. troopers were dispatched to the city of Hopkins to investigate a resident's report that she had heard a shot fired and had seen a person with a long gun in the neighborhood. It is also undisputed that sometime between this time and 3:12 a.m., when the troopers called for an ambulance, decedent was shot by defendants.[1] What is disputed is what happened between the time the troopers were dispatched and the time of the shooting. The point that is most in conten-

tion is whether decedent was confronted by the troopers and asked to drop his weapon before defendants fired or whether the troopers ambushed him and, without warning, fired upon him.

Defendants submit copies of Michigan State Police Incident Report # 3329–91 which incorporates reports of all the troopers involved in the shooting as well as reports of persons investigating the scene, forensic examiners, and others. The reports indicate that defendants along with Trooper Kellie Garrard and Deputy Gary Smith from the Allegan County Sheriff's Department were dispatched in response to the report of gunfire. Soon after arriving in Hopkins, they heard a shot fired. At this point the officers broke into two groups, one of which began to examine the surrounding area while the other interviewed two witnesses who both claimed to have heard a total of four shots fired. The group examining the area soon located decedent and all the state troopers as well as Deputy Smith converged upon the area in which decedent was walking. The officers took different positions near decedent who was walking up the street. Defendants report that he was alternately yelling obscenities and singing. When decedent approached a relatively lighted area, Trooper Lohroff allegedly stepped out and yelled very loudly, "State Police—drop the gun," at least two times and repeated his order that decedent drop the gun a few more times. According to defendants, decedent reacted, not by dropping the gun but, instead, by turning towards Lohroff, bringing the gun up to his shoulder, and pointing it directly toward Lohroff. Lohroff along with defendants Paul and Jones responded by firing at decedent several times. According to defendants, decedent was standing during the entire time the shots were being fired, and only after the officers had finished firing did decedent fall to the pavement. Decedent died a short time afterward of wounds sustained during the shooting.

Plaintiff, on the other hand, claims that decedent who was obviously intoxicated was

---

**1.** The Forensic Report attached to Defendants' Exhibit 1 states that the incident occurred at 3:10 a.m. *See* Forensic Report at 2.

walking down the street singing and carrying a large bottle of beer. Plaintiff admits that decedent was carrying an unloaded shotgun but insists that it was carried barrel up and was not aimed in a threatening manner. Plaintiff further contends that when decedent reached a lighted area defendants, without warning, "subjected the decedent to a fusillade of bullets striking him at least fifteen times." Plaintiff's Brief in Opposition to Motion for Dismissal at 2. Plaintiff offers signed affidavits of persons who claim that, while they could hear decedent's singing and the defendants' shots, they never heard any warning given by the troopers.

## II.

Defendants have moved to dismiss or, in the alternative, for summary judgment. When reviewing a motion to dismiss, a court must accept all well-pleaded allegations of the complaint as true and construe them in a light most favorable to the nonmoving party. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The motion should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976).

■ Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

■ The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a material issue of fact on an issue which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

The Court separately examines whether Count I, II or III of the complaint should be dismissed or disposed of through summary judgment.

### A.

■ Count I of the complaint is premised on a violation of Title 42 United States Code Section 1983. Defendants claim that this count should be dismissed because they are entitled to qualified immunity. The right to qualified immunity hinges on whether an objectively reasonable officer would believe that his or her conduct was lawful. *Yates v. Cleveland,* 941 F.2d 444, 446 (6th Cir.1991). Decedent had a clearly established right not to be shot unless he was posing a threat to pursuing officers or to others. *Id.; see also Robinson v. Bibb,* 840 F.2d 349, 351 (6th Cir.1988). Thus, an objectively reasonable officer would believe the shooting was lawful only if decedent's actions indicated that he was posing such a threat. If the shooting transpired as alleged by the defendants, they would be entitled to qualified immunity. If, however, plaintiff's description of the facts is accepted, then the shooting was unreasonable and qualified immunity should not attach. When the legal question of qualified immunity is completely dependent upon which view of the facts is accepted by the jury, summary judgment is inappropriate. *Yates,* 941 F.2d at 447 (citing *Brandenburg v. Cureton,* 882

F.2d 211, 215 (6th Cir.1989) (*vacated,* 936 F.2d 572 (6th Cir.1991))). Thus, as to Count I of the complaint, both defendants' motion to dismiss and their summary judgment motion are denied.

### B.

▮ Defendants move to dismiss Count II of the complaint, alleging that Michigan does not recognize an implied right of action for violations of the Michigan Constitution. Both parties cite *Smith v. Department of Mental Health,* which recognizes damages claims for violations of the Michigan Constitution in "appropriate cases." *Smith v. Department of Public Health,* 428 Mich. 540, 410 N.W.2d 749, 751 (1987). The parties dispute whether this case is an appropriate case for the recognition of damages under *Smith.*[2] This Court's interpretation of *Smith* is governed by the analysis of the case done by the Sixth Circuit in *Pleasant v. Zamieski,* 895 F.2d 272, 277–78 (6th Cir.1990), *cert. denied,* 498 U.S. 851, 111 S.Ct. 144, 112 L.Ed.2d 110 (1990). In *Pleasant,* the Sixth Circuit found *Smith* to hold that a cause of action under the Michigan Constitution is limited to those cases "in which the state's liability would, but for the Eleventh Amendment, render it liable under 42 U.S.C. § 1983 standard for local governments articulated in *Monell v. New York City Dept. of Social Services.*" *Pleasant v. Zamieski,* 895 F.2d 272, 278 (6th Cir.1990) (quoting *Smith,* 428 Mich. at 542, 410 N.W.2d 749). *Pleasant* makes clear that a Michigan constitutional claim exists only in situations where a plaintiff's Section 1983 claim is barred by immunity. This is not such a case. *Pleasant* also holds that causes of action are restricted to those that could have been brought under *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* allows local governing bodies to be sued where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance regulation, or decision officially adopted and promulgated by the bodies' officers. *Id.* at 690, 98 S.Ct. at 2036. *Monell* also allows the governing body to be sued when the constitutional deprivation is done by government "custom" even when the custom has not been formally or officially approved. *Id.* at 690, 98 S.Ct. at 2036. This is not a case challenging government policy or custom but, instead, is a situation in which the allegedly unconstitutional act was committed by individual government employees. Therefore under the *Pleasant* analysis, there is no recognition of a Michigan constitutional claim. Plaintiff's cause of action for violation of the Michigan Constitution must be dismissed for failure to state a claim.

### C.

Defendants maintain that they are immune from plaintiff's assault and battery tort claim and from the claim of gross negligence. Tort liability for state police officers is governed by Michigan Compiled Laws Annotated Section 691.1407 which states:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each ... employee of a governmental agency ... shall be immune from tort liability for injuries to persons or damages to property caused by the ... employee ... while in the course of employment ... if all of the following are met.

(a) The ... employee ... is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The ... employee's ... conduct *does not* amount to *gross negligence* that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

(3) subsection (2) shall not be construed as altering the law of intentional torts as it

---

**2.** The parties' differing interpretations of *Smith* is understandable since the opinion itself consists of a memorandum opinion expressing the opinion of six justices and separate concurring and dissenting opinions by four of those justices.

existed prior to the effective date of subsection (2).

Mich.Comp.Laws Ann. § 691.1407 (emphasis added).

The law of intentional torts which existed prior to the effective date of Michigan Compiled Laws Annotated Section 691.1407(2) held that, generally, immunity was not available as a defense to an intentional tort claim. *Mosqueda v. Macomb County Youth Home*, 132 Mich.App. 462, 349 N.W.2d 185, 187 (Mich.App.1984); *see also Walton v. Southfield*, 748 F.Supp. 1214, 1220 (E.D.Mich. 1990). Immunity existed only when actions constituting intentional torts were justified under the circumstances. *Smith v. Michigan*, 122 Mich.App. 340, 333 N.W.2d 50 (Mich.App.1983). Police officers had no common law immunity for assaulting, battering, and using excessive force. *Blackman v. Cooper*, 89 Mich.App. 639, 280 N.W.2d 620 (Mich. App.1979).

Defendants argue that, under *Ealey v. Detroit*, they are entitled to summary judgment on the assault and battery claim because "police officers are privileged to employ deadly force in the protection of themselves or others without incurring liability for assault and battery." Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment at 9 (citing *Ealey v. Detroit*, 144 Mich.App. 324, 375 N.W.2d 435 (1985)). Defendants are correct that they would be immune from suit if it were determined that they were acting to protect themselves or others; however, this prerequisite has not yet been established. On the contrary, the question of whether or not defendants were protecting themselves is the key factual issue disputed by the parties. It is thus inappropriate to dismiss or grant summary judgment at this time.

Similarly the Court cannot grant summary judgment on plaintiff's gross negligence claim. Section 691.1407(2)(c) of Michigan Compiled Laws Annotated creates liability for acts of gross negligence. Defendants assert that they were not grossly negligent because they specifically complied with procedures set forth in training and general standards of police conduct when they shot decedent. This again is a matter of factual dispute between the two parties. Dismissal and summary judgment are therefore inappropriate.

## IV.

For the reasons stated above, defendants' motion to dismiss or, in the alternative, for summary judgment is granted in part and denied in part. Defendants' motion is granted with respect to plaintiff's state constitutional claim but is denied with respect to the assault and battery claim and the Title 42 United States Code Section 1983 claim.