JONES v POWELL

Docket No. 111842. Decided July 5, 2000. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, affirmed the judgment of the Court of Appeals.

Ruth Jones, for herself, and as next friend of Shree M. Lee, a minor, brought an action in the Wayne Circuit Court against the city of Detroit and Charles Powell, a Detroit police sergeant, and other officers, alleging false imprisonment and arrest, assault and battery, and intentional infliction of emotional distress. She also claimed that the defendants, acting under color of state law and pursuant to Detroit Police Department policy, deprived her and her daughter of their federal civil rights. Finally, she alleged that the defendants violated their rights under the Michigan Constitution. The court, Carole F. Youngblood, J., granted summary judgment for the city of Detroit on the plaintiff's claims, and the case proceeded to trial against the individual officers. Shortly after the trial began, the plaintiff agreed to dismiss all her claims against the individual defendants except Powell and another officer. A jury found in favor of Sgt. Powell on all theories except the constitutional claims. The Court of Appeals, BANDSTRA, P.J., and YOUNG, J. (MURPHY, J., concurring), reversed. 227 Mich App 662 (1998) (Docket No. 190678). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, and MARKMAN, the Supreme Court *held*:

There is no judicially inferred cause of action under circumstances like those presented in this case.

Unlike states and state officials sued in an official capacity, municipalities are not protected by the Eleventh Amendment. A plaintiff may sue a municipality in federal or state court under 42 USC 1983 to redress a violation of a federal constitutional right. Further, as in this case, a plaintiff may bring an action against an individual defendant under § 1983 and common-law tort theories.

Justice KELLY, joined by Justice CAVANAGH, concurring, stated that *Smith v Dep't of Public Health*, 428 Mich 540 (1987), should not be interpreted so expansively as to foreclose relief to future plaintiffs who have no alternative remedy when individual state officials violate their state constitutional rights. A grant of leave to appeal

would be a more appropriate vehicle for the purpose of holding that no cause of action exists here.

The plaintiff in *Smith* did not claim that a state agent, acting individually and not in an official capacity, violated his state constitutional rights, and *Smith* did not decide whether an individual state agent can be held liable for such violations. Therefore, *Smith* cannot be held to always preclude relief in cases such as this case. *Smith* addresses whether a cause of action for a state constitutional violation is available against the state; it does not hold that an action is available against the state, alone. *Smith* limits recovery for violations of state constitutional rights to specific situations where a plaintiff has no alternative remedy. In this case, the plaintiff had alternative remedies. She was able to pursue state common-law tort claims as well as an action under 42 USC 1983 against the individual police officers for violation of her federal constitutional rights. The § 1983 action vindicated her state constitutional rights. In this case, the federal and state constitutional provisions at issue are sufficiently analogous.

Affirmed.

Justice YOUNG took no part in the decision of this case.

*Constitutional Litigation Associates, P.C.* (by *Hugh M. Davis, Jr.*), for the plaintiff-appellant.

City of Detroit Law Department (by *Phillis A. James* and *Joanne D. Stafford*) for the defendant-appellee.

PER CURIAM. The plaintiff brought this action against individual police officers, seeking damages on various theories arising out of their forced entry into her home in search of a suspect. Some claims were dismissed, and the jury found for the defendants on others. However, it found in plaintiff's favor on her claim that the actions of one officer violated her and her daughter's rights under the Michigan Constitution. The Court of Appeals reversed, with the majority basing its decision on the conclusion that the plaintiff had not established that the defendant officer's

actions were undertaken pursuant to a custom, policy, or practice of the Detroit Police Department.

We agree with the result reached by the Court of Appeals, though not with the rationale. Rather, we conclude that there is no judicially inferred cause of action under circumstances like those presented in this case. Therefore, we affirm the judgment of the Court of Appeals.

I

The facts underlying this action were summarized by the Court of Appeals as follows:

> On October 29, 1991, several Detroit police officers were pursuing an individual suspected of assault and operating a stolen vehicle. The officers believed that the suspect ran into a nearby house owned by [plaintiff] Ruth Jones . . . . Plaintiff was home with her minor daughter . . . when she heard a man's voice yell, "He's in 17331," followed by the sounds of a crash and a window breaking. Plaintiff and her daughter ran to a back bedroom for several minutes. Plaintiff heard loud voices saying, "B——, open up the mother f—ing door, we know he's in there." Plaintiff returned to the living room, where she saw that the front storm door and inner door had been forcefully opened. However, a security gate remained locked. Plaintiff told the officers that no one was in the house but plaintiff and her baby.
>
> Pursuant to the officers' demands, plaintiff retrieved her keys and opened the security gate. Plaintiff testified that the officers entered the house and that two of the officers, defendants Powell and Kenneth Winslow, pointed their guns at her. Plaintiff was allowed to go next door to her sister's house, while the officers, with the aid of a police dog, searched plaintiff's home. However, no one was found inside. Plaintiff testified that she did not give the officers consent to enter or search the house. [227 Mich App 662, 665-666; 577 NW2d 130 (1998).]

Plaintiff Jones, individually, and on behalf of her daughter, brought this action in Wayne Circuit Court, against the city of Detroit, Powell, Winslow, and several other Detroit police officers. She advanced various theories, alleging false imprisonment and arrest, assault and battery, and intentional infliction of emotional distress. She also claimed that the defendants, acting under color of state law and pursuant to Detroit Police Department policy, deprived plaintiff and her daughter of their federal civil rights. Finally, plaintiff alleged that the defendants violated their rights under the Michigan Constitution.

The defendants initially removed the action to the United States District Court for the Eastern District of Michigan, but the District Court remanded plaintiff's state claims to the circuit court.

The circuit court granted summary judgment for the city of Detroit on all plaintiff's claims, and the case proceeded to trial against the individual officers. Shortly after the trial began, plaintiff agreed to dismiss all her claims against the individual defendants except Powell and Winslow. After the close of plaintiff's proofs, the defendants moved for a directed verdict on plaintiff's constitutional claims, arguing that Michigan did not recognize a cause of action against individual officers under the Michigan Constitution. The circuit court initially took the matter under advisement, but denied the motion at the close of the defense case.

The jury returned a verdict of no cause of action with respect to defendant Winslow, and found in favor of defendant Powell on all theories except the

constitutional claims.[1] On those claims, the jury awarded $75,000 to plaintiff Jones, and $126,000 to her daughter.

After the trial court denied defendant Powell's motions for judgment notwithstanding the verdict or a new trial, he appealed.

II

The Court of Appeals reversed. Much of the analysis focused on our decision in *Smith v Dep't of Public Health*, 428 Mich 540; 410 NW2d 749 (1987), aff'd sub nom *Will v Dep't of State Police*, 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989). All three judges of the Court of Appeals believed that a damages action should not be available against an individual defendant for violation of state constitutional rights. Because of the availability of alternative remedies against such defendants, the majority would have limited *Smith* to actions against the state, explaining:

> [W]e read *Smith* as recognizing a narrow remedy against the state where none otherwise would have existed. Conversely, we believe that none of the concerns identified in *Smith* that support a damage remedy for violations of the state constitution are applicable when the party that is alleged to have violated a plaintiff's state or federal constitutional rights is a municipality or an individual municipal employee rather than the state.
>
> In cases involving entities other than the state as a party defendant, the plaintiffs have available a number of alternative remedies. This is because municipalities, unlike states and state officials sued in an official capacity, are not protected by the Eleventh Amendment, which, of course, safe-

---

[1] I.e., assault, false arrest, false imprisonment, and intentional infliction of emotional distress.

guards the state's sovereignty in our federal system of government. *Lake Country Estates, Inc v Tahoe Regional Planning Agency*, 440 US 391; 99 S Ct 1171; 59 L Ed 2d 401 (1979); *Fitzpatrick v Bitzer*, 427 US 445, 456; 96 S Ct 2666; 49 L Ed 2d 614 (1976). Accordingly, local government units may be sued in federal or state court under § 1983. *Monell* [*v New York City Dep't of Social Services*, 436 US 658, 690, n 54; 98 S Ct 2018; 56 L Ed 2d 611 (1978)]; *Moore v Detroit*, 128 Mich App 491, 499; 340 NW2d 640 (1983). Relatedly, it is clear that individual government employees cannot seek immunity for their intentional torts. *Blackman v Cooper*, 89 Mich App 639, 643; 280 NW2d 620 (1979).

Here, plaintiffs were free to, and did, assert claims for false arrest and imprisonment, assault and battery, intentional infliction of emotional distress, and deprivation of civil rights in violation of § 1983. Accordingly, there simply was no justification under *Smith* for plaintiffs here to assert state constitutional violation claims, even claims alleging an offensive custom or policy, against these municipal and individual defendants. [227 Mich App 671-672.]

Despite this view, under MCR 7.215(H), the majority felt constrained by an earlier decision in *Johnson v Wayne Co*, 213 Mich App 143; 540 NW2d 66 (1995), to recognize a damages cause of action against individual defendants for violation of a plaintiff's constitutional rights. *Johnson* and *Marlin v Detroit (After Remand)*, 205 Mich App 335; 517 NW2d 305 (1994), however, also held that in an action against an entity or person other than the state, the plaintiff is required to prove that the alleged constitutional violations occurred by virtue of a custom or policy of the governmental agency involved.[2] The majority concluded

---

[2] The majority also disagreed with this part of the *Johnson* decision, explaining:

Again, while we are constrained to follow *Johnson*, we believe that the *Johnson* Court not only erred in allowing a *Smith*-based

that defendant was entitled to judgment because there was no evidence that his actions were pursuant to such a custom or policy.[3]

The Court of Appeals remanded the case for entry of a judgment of no cause of action. The plaintiff has filed an application for leave to appeal from that decision.

## III

We agree with the Court of Appeals majority that our decision in *Smith* provides no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee. In *Smith*, our consideration of the issue focused on whether such a

---

constitutional tort claim to be brought against individual governmental employees, but confused matters even further by applying the custom or policy standard from *Smith* in determining liability. The custom or policy standard first arose as a means of holding a local government liable under § 1983 for the acts of its agents. See *Monell, supra* at 690-691. Justice BOYLE's opinion in *Smith*, in turn, merely suggested that the same standard should apply to hold the state liable for damages where a state custom, policy, or practice mandated the state official or employee's actions. See *Smith, supra* at 642-643. Contrary to the decision in *Johnson*, because constitutional tort claims brought solely against individual municipal employees have nothing to do with whether the municipality itself can be held liable, the custom or policy analysis derived from § 1983 cases simply ought not to apply. [227 Mich App 676, n 4.]

[3] Judge MURPHY concurred in the result, but disagreed with some of the majority's reasoning. He did not believe that *Johnson decided* that it was appropriate to infer the existence of a constitutional tort. Rather, *Johnson presumed* that such an inference was appropriate and then disposed of the case on the ground that the plaintiff failed to present the proof necessary to prevail in such a suit. Judge MURPHY argued that a judicially inferred cause of action under the Michigan Constitution is unwarranted in this case, principally because of the availability of damages under 42 USC 1983, for violations of the analogous provisions of the federal constitution.

remedy should be inferred against the state, which is
not subject to liability under 42 USC 1983. The hold-
ing in *Smith* was set forth in a memorandum opinion
summarizing the Court's conclusions. It included the
following:

> 5) Where it is alleged that the *state*, by virtue of custom
> or policy, has violated a right conferred by the Michigan
> Constitution, governmental immunity is not available in a
> state court action.
>
> 6) A claim for damages against the *state* arising from vio-
> lation by the state of the Michigan Constitution may be rec-
> ognized in appropriate cases. [428 Mich 544 (emphasis
> added).]

Of the several separate opinions, the one that
extensively considered the question was that of Jus-
tice BOYLE. She noted the United States Supreme
Court's recognition of a damage remedy in *Bivens v
Six Unknown Named Federal Narcotics Bureau
Agents*, 403 US 388; 91 S Ct 1999; 29 L Ed 2d 619
(1971), and explained:

> We would recognize the propriety of an inferred damage
> remedy arising directly from violations of the Michigan
> Constitution in certain cases. As the *Bivens* Court recog-
> nized, there are circumstances in which a constitutional
> right can only be vindicated by a damage remedy and
> where the right itself calls out for such a remedy. On the
> other hand, there are circumstances in which a damage
> remedy would not be appropriate. The absence of any other
> remedy would, as in *Bivens*, heighten the urgency of the
> question. Justice Harlan, concurring in *Bivens*, states that
> "[t]he question then, is, as I see it, whether compensatory
> relief is 'necessary' or 'appropriate' to the vindication of the
> interest asserted." 403 US 407. In answering this question in
> the positive, Justice Harlan commented, "[f]or people in
> *Bivens'* shoes, it is damages or nothing." *Id.*, p 410. Where a
> statute provides a remedy, the stark picture of a constitu-

tional provision violated without remedy is not presented. While a *Bivens*-type action may still be inferred, see *Carlson v Green* [446 US 14; 100 S Ct 1468; 64 L Ed 2d 15 (1980)] (federal tort claims remedy no bar to *Bivens* action), the existence of a legislative scheme may constitute "special factors counselling hesitation," *Bivens, supra,* p 396, which militate against a judicially inferred damage remedy. [428 Mich 647.]

*Smith* only recognized a narrow remedy against the state on the basis of the unavailability of any other remedy. Those concerns are inapplicable in actions against a municipality or an individual defendant. Unlike states and state officials sued in an official capacity, municipalities are not protected by the Eleventh Amendment. *Lake Country Estates, supra* at 400-401. A plaintiff may sue a municipality in federal or state court under 42 USC 1983 to redress a violation of a federal constitutional right. *Monell, supra* at 690, n 54 and accompanying text. Further, a plaintiff may bring an action against an individual defendant under § 1983 and common-law tort theories.

Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals.

WEAVER, C.J., and TAYLOR, CORRIGAN, and MARKMAN, JJ., concurred.

KELLY, J. (*concurring*). I write separately to point out that *Smith v Dep't of Public Health,*[1] does not directly address whether plaintiffs can recover against individuals for violations of rights protected under the Michigan Constitution. Instead of expand-

[1] 428 Mich 540; 410 NW2d 749 (1987).

ing the holding of *Smith* to bar recovery against individuals, I would affirm the Court of Appeals decision solely on the ground that plaintiff has an alternative remedy. *Id.* at 651-652.

In *Smith*, this Court consolidated two related cases, *Smith v Dep't of Public Health* and *Will v Dep't of Civil Service*. The plaintiff in *Smith*, a ward of the state, was committed to an institution for the mentally retarded at the age of nineteen months; as a result of this early evaluation, he spent his entire life in state institutions. *Smith, supra* at 639. His estate brought suit against various state agencies[2] alleging causes of action for (1) false imprisonment, (2) negligent and intentional breaches of the state's duty to care for the plaintiff, and (3) violations of his due process and equal protection rights under the Michigan Constitution. It also sought damages under 42 USC 1983. *Id.* at 551.

In *Will*, the plaintiff was a state employee. He believed that he had been passed over for a promotion with the State Police because a security check revealed that his brother was a student activist. *Id.* at 546. He brought suit against the Department of Civil Service and the Department of State Police, as well as the director of the State Police and the State Personnel Director, but in their official capacities only. *Id.* at 547, 583. He alleged various state and federal constitutional violations.

---

[2] Plaintiff's estate sued the state of Michigan, the Department of Public Health, the Michigan Home and Training School, the Lapeer State Home and Training School, Oakdale Center for the Developmentally Disabled, the State Institution Commission, the State Hospital Commission, and the Welfare Department. See *Smith v Michigan*, plaintiff's motion for rehearing.

Neither the plaintiff in *Smith* nor in *Will* claimed that a state agent, acting individually and not in an official capacity, violated his state constitutional rights. *Smith* did not decide whether an individual state agent can be held liable for such violations. Therefore, I cannot agree that *Smith* always precludes relief in cases such as the case on appeal. *Smith* addresses whether a cause of action for a state constitutional violation is available against the state; it does not hold that an action is available against the state, alone.

*Smith* does limit recovery for violations of state constitutional rights to specific situations where a plaintiff has no alternative remedy. Here, plaintiff does have alternative remedies; she was able to pursue state common-law tort claims as well as an action under 42 USC 1983 against the individual police officers for violation of her federal constitutional rights. The existence of a federal cause of action does not necessarily protect an individual's state constitutional rights. However, I agree with Judge MURPHY's assessment that plaintiffs' § 1983 action vindicated their state constitutional rights. The federal and state constitutional provisions at issue are sufficiently analogous for the purposes of this case.[3]

It may well be that alternative remedies will frequently exist for violations arising from the state constitution. But one should not assume that will always be the case. I would not give *Smith* so expansive an

---

[3] Our holding is limited to the unique circumstances of the present case. We in no way disagree with this Court's prior recognition that Const 1963, art 1, § 11  provides greater protection than its federal counterpart in certain situations. See *Sitz v Dep't of State Police*, 443 Mich 744; 506 NW2d 209 (1993).

interpretation as this per curiam does, foreclosing relief to future plaintiffs who have no alternative remedy when individual state officials violate their state constitutional rights.

A grant of leave to appeal would be a more appropriate vehicle for the purpose of holding that no cause of action exists here.

CAVANAGH, J., concurred with KELLY, J.

YOUNG, J., took no part in the decision of this case.