*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL MURRAY,

       Plaintiff-Appellee,

v

DETROIT LAND BANK AUTHORITY,

       Defendant-Appellant

and

CITY OF DETROIT, RICKMAN ENTERPRISE GROUP, JOHN DOE #1, and JOHN DOE #2

       Defendants.

UNPUBLISHED
April 23, 2019

No. 341967
Wayne Circuit Court
LC No. 16-009806-CH

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant Detroit Land Bank Authority (DLBA) appeals by right the trial court's order denying in part its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(10) (genuine issue of material fact). We reverse in part and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff had resided at 15745 Quincy in Detroit (the property), since the early 1960s. Despite plaintiff's belief that he had paid delinquent taxes on the property, a tax foreclosure occurred and, allegedly unbeknownst to plaintiff, title to the property was eventually transferred

to DLBA in 2014,[1] although plaintiff continued to reside at the property without incident. DLBA is a Michigan public body created under the Michigan Land Bank Fast Track Act, MCL 124.751 *et seq*., that is responsible for disposing of abandoned, vacant, or blighted property within the City of Detroit. After plaintiff learned of DLBA's interest in the home, he contacted numerous state and local officials about his occupancy of the property, and claims to have been assured by DLBA's Director of Public Affairs that the property would not be demolished. Nonetheless, DLBA's contractor, defendant Rickman Enterprises Group, removed all of plaintiff's belongings from the home and demolished the residence in July 2016.

In August 2016, plaintiff filed suit against DLBA, the City of Detroit, Rickman Enterprises Group, and John Does #1 and #2,[2] in part raising claims against DLBA for unlawful eviction, conversion, violation of procedural due process and unconstitutional search and seizure under the Michigan Constitution, violation of due process and unlawful search and seizure under the United States Constitution and 42 USC 1983, gross negligence, and respondeat superior liability for the actions of other defendants. Eventually,[3] DLBA moved for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing in part that it was immune from liability for plaintiff's gross negligence and respondeat superior claims and that plaintiff's federal constitutional claims were deficient because plaintiff had failed to allege or otherwise establish that the alleged violation of his rights was the result of an official custom or policy of DLBA.

The trial court denied DLBA's motion on those claims,[4] stating:

[DLBA] filed a [motion for summary disposition] claiming [plaintiff] failed to establish [an] exception to governmental immunity as to . . . count seven, gross negligence, and count 8 responde[a]t superior. . . . So [plaintiff] is left with count[s] 3, violation[] of due process; count 5, unlawful search and seizure; count 7, gross negligence and count 8, responde[a]t superior. With respect to count 3, the violation of due process and count five[,] the unlawful search and seizure, the Court is going to respectfully deny [] summary disposition based on . . . the cases of [*Fuentes v Shevin*, 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), and

---

[1] Plaintiff claimed to have been unaware of these events because Wayne County had recorded his address incorrectly and plaintiff consequently had not received any notices.

[2] Defendants City of Detroit, Rickman Enterprises Group, and John Does #1 and #2 are not parties to this appeal.

[3] DLBA initially filed a motion for summary disposition under MCR 2.1116(C)(8) and (C)(10), which the trial court denied. DLBA then filed a second summary disposition motion under MCR 2.116(C)(7) and (C)(10), raising the defense of governmental immunity to plaintiff's tort claims and asserting that plaintiff could not demonstrate a genuine issue of material fact regarding his constitutional claims.

[4] The trial court granted DLBA's motion regarding plaintiff's unlawful eviction, conversion, and Michigan constitutional claims. At the summary disposition motion hearing, plaintiff's counsel stated that plaintiff would not contest the dismissal of those claims with respect to DLBA only.

*Flatford v City of Monroe*, 17 F3d 162 (CA 6, 1994)]. As to count seven, gross negligence, this Court finds plaintiff has submitted evidence that could establish gross negligence[.] * * * [W]hether a governmental employee's conduct constituted gross negligence that proximately caused the complain[ed] of injury under MCL 691.1407[] is generally a question of fact, but[,] if reasonable minds could not differ[,] the Court may grant summary disposition. . . . Count 8[,] which alleges that [DLBA] is liable for [defendant] Rickman's action under the the[ory] of responde[a]t superior, the Court is also going to deny [DLBA's] motion. Questions related to the existence and scope of an agency relationship are questions of fact, not law. . . .

The trial court then entered an order on January 8, 2018 consistent with its ruling. This appeal followed.

## II. GOVERNMENTAL IMMUNITY

The parties agree that the trial court erred by not dismissing plaintiff's claims of gross negligence and respondeat superior liability as to DLBA under MCR 2.116(C)(7). We also agree. "[C]laims of governmental immunity under MCR 2.116(C)(7) present a question of law, which we review de novo." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 414; 875 NW2d 242 (2015).

Under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, a governmental entity is immune from tort liability if it is engaged in the exercise or discharge of a governmental function. MCL 691.1407(1). While a governmental employee may be held liable for gross negligence under certain circumstances, a governmental entity maintains its immunity "when engaged in the exercise or discharge of a governmental function unless the plaintiff establishes the existence of a statutorily created exception to that immunity." *Odom v Wayne Co*, 482 Mich 459, 478; 760 NW2d 217 (2008) (citation and quotations omitted).

Here, plaintiff did not plead an exception to governmental immunity that applied to DLBA; moreover, none of the exceptions found in the GTLA applicable to governmental entities encompass gross negligence or respondeat superior liability for the gross negligence of its alleged agents.[5] Therefore, under the GTLA, DLBA, a governmental entity, is immune from suit based on gross negligence and respondeat superior liability for the acts of its alleged agents. As the parties agree, the trial court erred by focusing its analysis on the standard applicable to governmental employees as opposed to governmental entities. In sum, because DLBA was engaged in a governmental function and plaintiff did not plead a statutory exception to

---

[5]"The statutory exceptions to the governmental immunity provided to the state and its agencies are the highway exception, MCL 691.1402; the motor-vehicle exception, MCL 691.1405; the public-building exception, MCL 691.1406; the proprietary-function exception, MCL 691.1413; the governmental-hospital exception, MCL 691.1407(4); and the sewage-disposal-system-event exception, MCL 691.1417(2) and (3)." *Odom*, 482 Mich at 478, n 62.

governmental immunity and none would be applicable, we agree with the parties that the trial court erred by failing to dismiss those claims as to defendant DLBA.

### III.  FEDERAL CONSTITUTIONAL CLAIMS

DLBA also argues that the trial court erred by denying its summary disposition motion as to plaintiff's federal constitutional claims.  It asserts that the trial court applied the incorrect legal framework applicable to determining municipal liability for federal constitutional violations and 42 USC 1983.  We conclude that in this appeal of right we lack jurisdiction to review the trial court's determination as to these claims.

This Court has jurisdiction of an appeal of right of a final judgment or order.  MCR 7.203(A)(1).  DLBA timely filed its claim of appeal of right of the trial court's January 8, 2018 order, citing MCR 7.202(6)(a)(v).  MCR 7.202(6)(a)(v) defines "final judgment" or "final order" to include "an order denying governmental immunity to a governmental party, including a governmental agency, official, or employee under MCR 2.116(C)(7) or an order denying a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity."

MCR 7.203(A)(1) further provides that where the appeal of right derives from the denial of a summary disposition motion based on governmental immunity (under MCR 7.202(6)(a)(v)), the appeal is "limited to the portion of the order with respect to which there is an appeal of right."  MCR 7.203(A)(1).  Governmental immunity under the GTLA does not protect a governmental agency from claims that it, by custom or policy, violated the state or federal constitution.  See *Monell v Dep't of Social Serv*, 436 US 658, 690; 98 S Ct 2018; 56 L Ed 2d 611 (1978); *Mack v City of Detroit*, 467 Mich 186, 195; 649 NW2d 47 (2002); *Jones v Powell*, 462 Mich 329, 336; 612 NW2d 423 (2000).

Indeed, DLBA does not argue otherwise, but rather encourages us to exercise our discretion to consider this issue as on leave granted.[6]  We decline to do so in light of factual issues, such as whether DLBA's agents acted under an official custom or policy, that are best resolved in a final judgment or order of the trial court before our consideration of them on appeal.  See *Waait & Sons Elec Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998); citing *Guzowski v Detroit Racing Ass'n*, 130 Mich App 322, 325-327; 343 NW2d 536 (1983).

---

[6] This Court has occasionally done so in the past when "regardless of the specific basis of the trial court's ruling on a motion for summary disposition" the effect was "to deny a defendant's claim of immunity."  *Walsh v Taylor*, 263 Mich App 618, 626; 689 NW2d 506 (2004); see also *Watts v Nevils*, 477 Mich 856; 720 NW2d 755 (2006).  However, because governmental immunity under the GTLA was never available to shield defendant from plaintiff's constitutional claims, we find these cases distinguishable on that basis and decline to depart from our usual practice of limiting our review to that of final judgments and orders.  MCR 7.203(A)(1); MCR 7.202(6).

-4-

Reversed in part and remanded for further proceedings consistent with this opinion.[7] We do not retain jurisdiction.

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[7] For the benefit of the further proceedings below, we note that the correct legal framework for addressing a constitutional claim for municipal liability based on custom or policy begins with "whether there was a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v Harris*, 489 US 378, 385; 103 L Ed 2d 412 (1989). In this regard, the policy or custom must be "the moving force" behind the constitutional violation in order for liability under 42 USC 1983 to attach. *Monell*, 436 US at 694-695. Going forward, the trial court should also keep in mind our Supreme Court's recent analysis of municipal liability for claims under 42 USC 1983 found in *Johnson v Vanderkooi*, 502 Mich 751, 761-771; 918 NW2d 785 (2018).