# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 22, 2019

157335-7
157340-2

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

MELISSA MAYS, MICHAEL ADAM MAYS,
JACQUELINE PEMBERTON, KEITH JOHN
PEMBERTON, ELNORA CARTHAN,
RHONDA KELSO, and ALL OTHERS
SIMILARLY SITUATED,
        Plaintiffs-Appellees,

v

        SC: 157335-7
        COA: 335555; 335725; 335726
        Court of Claims: 16-000017-MM

GOVERNOR OF MICHIGAN, STATE OF
MICHIGAN, DEPARTMENT OF
ENVIRONMENTAL QUALITY, and
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
        Defendants-Appellants,

and

DARNELL EARLEY and JERRY AMBROSE,
        Defendants-Appellees,

and

CITY OF FLINT,
        Not Participating.
_____/

MELISSA MAYS, MICHAEL ADAM MAYS,
JACQUELINE PEMBERTON, KEITH JOHN
PEMBERTON, ELNORA CARTHAN,
RHONDA KELSO, and ALL OTHERS
SIMILARLY SITUATED,
        Plaintiffs-Appellees,

v

        SC: 157340-2
        COA: 335555; 335725; 335726
        Court of Claims: 16-000017-MM

GOVERNOR OF MICHIGAN, STATE OF
MICHIGAN, DEPARTMENT OF
ENVIRONMENTAL QUALITY, and
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
        Defendants-Appellees,

and

DARNELL EARLEY and JERRY AMBROSE,
        Defendants-Appellants,

and

CITY OF FLINT,
        Not Participating.
_____/

On order of the Court, the applications for leave to appeal the January 25, 2018 judgment of the Court of Appeals are considered, and they are GRANTED. The parties shall include among the issues to be briefed: (1) when the plaintiffs' cause of action accrued, see *Henry v Dow Chemical Co*, 501 Mich 965 (2018), and *Frank v Linkner*, 500 Mich 133 (2017); (2) whether the Court of Appeals erred in holding that the fraudulent concealment exception in MCL 600.5855 applies to the statutory notice period in MCL 600.6431(3); (3) whether the Court of Appeals erred in holding that under the Court of Claims Act, MCL 600.6401 *et seq*., there is a "harsh and unreasonable consequences" exception to the notice requirement of MCL 600.6431(3) when a constitutional tort is alleged, compare *McCahan v Brennan*, 492 Mich 730 (2012), and *Rusha v Dep't of Corrections*, 307 Mich App 300 (2014); (4) if there is such an exception, whether it is met by the facts alleged in the plaintiffs' amended complaint; (5) whether the Court of Appeals erred in recognizing a constitutional tort for violation of bodily integrity under Const 1963, art 1, § 17, and, if not, whether the plaintiffs properly alleged such a violation, and whether a damages remedy is available for such a violation, see *Smith v Dep't of Public Health*, 428 Mich 540 (1987); *Jones v Powell*, 462 Mich 329 (2000); (6) for purposes of the plaintiffs' inverse condemnation claim, whether the plaintiffs have alleged direct action by defendants against the plaintiffs' property, and a special or unique injury, see *Peterman v Dep't of Natural Resources*, 446 Mich 177, 190 (1994); *Spiek v Dep't of Transp*, 456 Mich 331, 348 (1998); and (7) for purposes of the plaintiffs' inverse condemnation claim, the manner in which the class of similarly situated persons should be defined.

The total time allowed for oral argument shall be 60 minutes: 30 minutes for plaintiffs, and 30 minutes for defendants, to be divided at their discretion. MCR 7.314(B)(1).

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Motions for permission to file briefs amicus curiae and briefs amicus curiae regarding these cases should be filed in *Mays v Governor* (Docket Nos. 157335-7) only and served on the parties in both cases.

CLEMENT, J., not participating due to her prior involvement as chief legal counsel for the Governor.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 22, 2019



Clerk

a0515