*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHIRLEY DUNCAN and All Others Similarly
Situated,

        Plaintiff-Appellant,

v

COUNTY OF ST. CLAIR, TIMOTHY
DONNELLON, and TRACY DECAUSSIN,

        Defendants-Appellees.

UNPUBLISHED
October 16, 2024
11:08 AM

No. 367903
St. Clair Circuit Court
LC No. 2023-001343-CZ

Before: RIORDAN, P.J., and YOUNG and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition in this case alleging that municipal governments and their employees, such as defendants, may be held liable and pay money damages for constitutional torts. We affirm.

## I. BACKGROUND FACTS

This case arises from an incident where plaintiff was detained in the St. Clair County Jail for criminal contempt and allegedly served a longer period of time in jail than was lawful. In July 2023, plaintiff filed an amended complaint against defendants (County of St. Clair, St. Clair Sheriff Timothy Donnellon, and St. Clair Country Jail Administrator Tracy DeCaussin). Plaintiff alleged that she served her sentence and was "intentionally not provided" good-time credit, as is required under MCL 51.282. Thus, plaintiff served a longer period of time in jail than the law permitted. As relevant, plaintiff also alleged that MCL 51.283, which states that "no sheriff shall be liable to respond to any prisoner or former prisoner in damages in any form of action, particularly false imprisonment, if any excess time up to the maximum of the original sentence without good behavior allowance be served," is unconstitutional. Thus, plaintiff requested the trial court to declare MCL 51.283 unconstitutional and award plaintiff monetary damages against all defendants.

In lieu of an answer, defendants filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10). As relevant, defendants argued that there is no independent cause of

-1-

action for monetary damages against defendants because, under MCL 51.283, the remedy for a good-time credit violation is a writ of habeas corpus, not monetary damages against a sheriff or his deputies. Under *Bauserman v Unemployment Ins Agency*, 509 Mich 673; 983 NW2d 855 (2022), a constitutional tort action for monetary damages does exist against the state. *Id*. at 708, 711. However, in *Jones v Powell*, 462 Mich 329; 612 NW2d 423 (2000), our Supreme Court held that there is "no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee." *Id*. at 335. Thus, defendants argued, plaintiff failed to state a claim upon which relief may be granted because there is no such cause of action against nonstate public entities or their employees, such as defendants.

In response to defendants' motion, plaintiff argued that *Bauserman* created an implied claim by which a plaintiff may recover monetary damages arising from violations of the Michigan Constitution. The *Bauserman* Court never affirmatively decided if municipal governments or individual municipal actors would also be liable for state constitutional violations. *Jones*, relying on *Smith v Dep't of Pub Health*, 428 Mich 540; 410 NW2d 749 (1987), refused to infer a cause of action for monetary damages against a municipality for constitutional claims. *Jones*, 462 Mich at 335. However, plaintiff argued, *Bauserman* parted ways with the leading decision in *Smith*, and instead "directed that appropriate cases for money damages exist where individuals have been deprived of a constitutional right." See *Bauserman*, 509 Mich at 705-706. Thus, plaintiff argued, because *Jones* was premised on *Smith*, and because *Bauserman* overruled *Smith* in relevant part, the legal foundation of *Jones* is no longer good law.

Defendants replied to plaintiff's response and argued that *Jones* is still good law. *Bauserman* declined to extend its holding to municipal governments and did not reference *Jones* in the majority opinion. *Jones* and *Bauserman* are consistent with each other because both allow for constitutional tort claims against a state or its employees unless there is another adequate remedy available. However, *Jones* recognizes that, because municipalities are already subject to suit under 42 USC 1983 for constitutional violations, an adequate alternate remedy already exists for a plaintiff seeking damages against a municipal government or its employees. Additionally, *Bauserman* only overruled *Smith* to the extent that it allowed for additional exceptions to bring constitutional claims against the state and its employees. Thus, defendants argued, because *Bauserman* did not decide the issue of claims against municipalities, and because *Jones* remains consistent with *Bauserman*, *Jones* remains binding precedent directly on point in this case.

A hearing on defendants' motion for summary disposition was held and the parties argued consistently with their written submissions. At the close of the hearing, the trial court granted defendants' motion for summary disposition. In making its decision, the court analyzed *Smith*, *Jones*, and *Bauserman*. The court reasoned that, because the Eleventh Amendment does not bar claims against municipalities and municipal employees, plaintiff was able to seek remedy through a § 1983 claim against defendants. Additionally, plaintiff had the opportunity to file a writ of habeas corpus. Thus, the court concluded that "*Jones* is still good law" because it distinguished between state employees and municipal employees. The court stated that "*Bauserman* was decided consistent with *Jones*" and the court was bound to follow *Jones*. The court then granted defendants' motion under MCR 2.116(C)(8), for failure to state a claim, and dismissed the case. This appeal followed.

Plaintiff argues that *Jones* has been implicitly overruled by *Bauserman*, and thus, municipal governments and their employees, such as defendants, may be held liable and pay money damages for constitutional torts in cases. We disagree.

## II. ANALYSIS

### A. STANDARD OF REVIEW

A decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim and should be granted if the opposing party has failed to state a claim on which relief can be granted. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). The pleadings alone are considered, with all well-pleaded allegations accepted as true and construed in a light most favorable to the nonmoving party. *Johnson v Pastoriza*, 491 Mich 417, 434-435; 818 NW2d 279 (2012); *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). The motion may be granted only when the allegations are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992), mod by *Patterson v Kleiman*, 447 Mich 429, 433-435 (1994).

### B. THE SMITH, JONES, AND BAUSERMAN DECISIONS

In *Smith*, 428 Mich 540, a case decided in 1987, our Supreme Court held: "Where it is alleged that the state, by virtue of custom or policy, has violated a right conferred by the Michigan Constitution, governmental immunity is not available in a state court action." *Id*. at 544. Further, the Court held: "A claim for damages against the state arising from [a] violation by the state of the Michigan Constitution may be recognized in appropriate cases." *Id*. Specifically, the "state's liability should be limited to those cases in which the state's liability would, but for the Eleventh Amendment, render it liable under the 42 USC 1983 standard for local governments articulated in *Monell v New York City Dep't of Social Servs*, 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978)." *Smith*, 428 Mich at 642 (BOYLE, J., concurring in part and dissenting in part).

Next, in *Jones*, 462 Mich 329, a case decided in 2000, our Supreme Court considered *Smith* and noted that "our decision in *Smith* provides no support for inferring a damage remedy for a violation of the Michigan Constitution in an action against a municipality or an individual government employee." *Id*. at 335. The *Jones* Court further explained:

> *Smith* only recognized a narrow remedy against the state on the basis of the unavailability of any other remedy. Those concerns are inapplicable in actions against a municipality or an individual defendant. Unlike states and state officials sued in an official capacity, municipalities are not protected by the Eleventh Amendment. A plaintiff may sue a municipality in federal or state court under 42 USC § 1983 to redress a violation of a federal constitutional right. Further, a plaintiff may bring an action against an individual defendant under § 1983 and common-law tort theories. [*Id*. at 337 (internal citations omitted).]

Therefore, the *Jones* Court held that a damage remedy for a violation of the Michigan Constitution may not be inferred in an action against a municipality or an individual government employee.

Later, in *Bauserman*, 509 Mich 673, a case decided in 2022, our Supreme Court held, consistent with its decision in *Smith*, that a judicially inferred damage remedy may exist for a constitutional-tort claim against a state agency. *Id*. at 681. More specifically, the *Bauserman* Court held:

> Although we have never specifically held that monetary damages are available to remedy constitutional torts, we now hold that they are. Inherent in the judiciary's power is the ability to recognize remedies, including monetary damages, to compensate those aggrieved by the state, whether pursuant to an official policy or not, for violating the Michigan Constitution unless the Constitution has specifically delegated enforcement of the constitutional right at issue to the Legislature or the Legislature has enacted an adequate remedy for the constitutional violation. [*Id*.]

The *Bauserman* Court "agree[d] with the *Smith* majority that a claim for damages against the state arising from a violation of the Michigan Constitution may be recognized in appropriate cases[.]" *Id*. at 705. However, the Court "part[ed] ways with Justice Boyle as to how to determine an 'appropriate case.' " *Id*. at 705-706. The Court held: "[A] cause of action exists except in two specific circumstances: (1) when the Constitution has delegated to another branch of government the obligation to enforce the constitutional right at issue or (2) when another branch of government has provided a remedy that we consider adequate." *Id*. at 706. The *Bauserman* Court rejected additional exceptions presumably recognized by Justice Boyle's partial concurrence in *Smith*. *Id*. at 706-707. The Court also rejected the proposition that harm had to be inflicted under a state custom or policy, concluding that persons deprived of a constitutional right may seek redress through the courts "[a]bsent clear language in the Constitution or a legislatively crafted remedy[.]" *Id*. at 708. The Court made clear, though, that its "holding is that the *state* is liable for harms it commits in violation of the Constitution; whether other entities, such as municipal governments or individual government actors, can be liable for constitutional torts is not before us, and we decline to address that question in what would be dictum." *Id*. at 708 n 13.

On appeal, plaintiff argues that *Bauserman* implicitly overruled *Jones* regarding its holding that there is no cause of action for damages for Michigan constitutional violations against municipalities or their employees. Specifically, plaintiff argues that, because *Bauserman* overruled part of *Smith*, and because *Jones* relied on *Smith*, *Bauserman* implicitly overruled *Jones*. We disagree and conclude that *Jones* and *Bauserman* are consistent with each other as it pertains to cases where another remedy was available to the plaintiff, such as the present case. Both *Jones* and *Bauserman* concluded that the availability of a constitutional-tort claim is only inferred if an available alternative remedy does not already exist. *Jones* noted that, because municipalities are already subject to suit for constitutional violations, such as under 42 USC 1983, monetary damages for constitutional-tort claims are inapplicable against them. *Jones*, 462 Mich at 337. Likewise, according to *Jones*, because municipal employees are already subject to suit for constitutional violations, such under 42 USC 1983 and common-law tort theories, monetary damages for constitutional-tort claims are inapplicable against them as well. *Id*. While *Bauserman* expressly declined to address this question regarding the liability of municipalities, *Bauserman*, 509 Mich at 708 n 13, we note that the underpinning of the opinion was that "a right must have a remedy" for

its violation, including a constitutional right. *Id*. at 691. More explicitly, the *Bauserman* Court stated: "The core principle that guides our reasoning is that a right must be enforceable; otherwise, it is not a right at all but a mere hope." *Id*. at 700. But constitutional rights are enforceable against municipalities and their employees, i.e., an adequate remedy exists; therefore, our conclusion is consistent with the *Bauserman* reasoning.

Additionally, *Bauserman* overruled *Smith* only to the extent that *Smith* allowed for *additional* exceptions to when a cause of action exists against a state. See *id*. at 706-707. *Bauserman* then outlined only two specific exceptions, one of which being when another adequate remedy has been provided by another branch of government. See *id*. at 706. Consistently, *Jones* found there existed a "narrow remedy against the state on the basis of the unavailability of any other remedy." *Jones*, 462 Mich at 337. Thus, the partial overruling of *Smith* in *Bauserman* was limited only to whether additional remedy exceptions existed against the state, and the holding in *Jones*—that there is no damage remedy for a violation of the Michigan Constitution in an action against a municipality where other remedies exist—remains consistent with *Bauserman*.

In summary, we agree with the trial court that *Jones* is still good law. Because defendants are a municipality and its employees, plaintiff does not have a proper claim for monetary damages against them for state constitutional torts in the present case. Plaintiff had the available remedy of a § 1983 claim against defendants, regardless of whether she pursued that remedy.[1] Therefore, the trial court properly granted defendants' motion for summary under MCR 2.116(C)(8) because plaintiff failed to state a claim upon which relief can be granted and no factual development could possibly justify recovery. See *Wade*, 439 Mich at 163.

## C. STATE CONSTITUTIONAL TORTS WITHOUT REMEDIES

In light of *Bauserman's* holding, it is foreseeable that a plaintiff may argue that monetary damages are available for constitutional-tort claims against municipalities and their employees in cases where no remedy exists for a violation of the Michigan Constitution. This circumstance may arise where the Michigan Constitution grants a right that is not granted by the United States Constitution; thus, relief would not be available under 42 USC 1983 for its violation. See *Morden v Grand Traverse Co*, 275 Mich App 325, 332; 738 NW2d 278 (2007), citing *Monell*, 436 US at 690-691 ("Any person who, under color of state law, deprives another of rights protected by the constitution or laws of the United States, is liable under 42 USC 1983.") In such a case, only a claim arising under state law would exist, i.e., that would be the only remedy for a violation.

---

[1] Plaintiff's complaint alleged violations of the Michigan Constitution, Const 1963, art 1, § § 2, 11, 17, the Equal Protection Clause, the prohibition against unreasonable search and seizure, and the right to due process, respectively. Because the United States Constitution likewise guarantees equal protection, prohibits unreasonable search and seizure, and guarantees the right to due process, those alleged violations could have been the subject of an action brought forth under 42 USC 1983. The Michigan constitution's prohibition against unreasonable searches and seizures has been held to provide more protection than the Fourth Amendment to the United States Constitution in some circumstances, see *Sitz v Dep't of State*, 443 Mich 744, 761-762; 506 NW2d 209 (1993); however, defendant has not alleged such circumstances existed in the present case.

However, we need not address that issue in this case because plaintiff has not claimed violations of any rights afforded by the Michigan Constitution that are not also granted by the United States Constitution.

      Affirmed.


                           /s/ Michael J. Riordan
                           /s/ Adrienne N. Young
                           /s/ Randy J. Wallace